UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LABARGE COATING, LLC, and SanD DEVELOPMENT, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:18CV2090 JCH ) |
| LABARGE C&R, LLC, LABARGE REALTY, LLC, and PIERRE L. LABARGE, III, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss or, in the Alternative, Stay pursuant to the *Colorado River* Abstention Doctrine, filed June 7, 2019. (ECF No. 29). The motion is fully briefed and ready for disposition.

## BACKGROUND

This case arises out of a Purchase Agreement and related, contemporaneous transactions through which Plaintiff SanD Development, LLC ("SanD") acquired Plaintiff LaBarge Coating, LLC ("Coating") from Defendant LaBarge C&R, LLC ("C&R"). In September, 2018, SanD and Coating filed suit in state court in Harris County, Texas, alleging breach of the Purchase Agreement and related torts surrounding the sale of Coating from C&R to SanD. Defendants C&R and LaBarge Realty, LLC ("Realty") (with the consent of Defendant Pierre L. LaBarge, III) removed the suit to the United States District Court for the Southern District of Texas on October 22, 2018, on the basis of diversity jurisdiction. In an Order entered December 17, 2018, the United States District Judge in Texas transferred the case to this Court, holding the forum

- 1 -

selection clause in the Purchase Agreement mandated that any suit be filed in state or federal court located in St. Louis, Missouri.

Meanwhile, in October, 2018, C&R and Realty filed a state court action in St. Louis County, Missouri, against SanD, Coating, Suzanne M. Pawlow ("Pawlow") and David W. Kersting ("Kersting").[1] In their suit C&R and Realty, among other things, ask that the Missouri State Court rescind the Purchase Agreement because of alleged fraud. Pawlow removed the case to federal court on November 8, 2018, but in an Order entered May 9, 2019, Judge John A. Ross of this Court remanded the case to the Circuit Court of St. Louis County, where it remains pending.

As noted above, Defendants here filed the instant motion on June 7, 2019, asking that the Court dismiss or stay this case pursuant to the *Colorado River* abstention doctrine, in favor of the parallel proceeding pending in the Circuit Court of St. Louis County, Missouri.

## **DISCUSSION**

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), "permits federal courts to decline to exercise jurisdiction over cases where parallel state court litigation is pending, meaning that there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the federal court." *Spectra Communications Group, LLC v. City of Cameron, Mo.*, 806 F.3d 1113, 1121 (8th Cir. 2015) (internal quotations and citations omitted).

> This rule is based on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. Nevertheless, federal courts have a virtually unflagging obligation…to exercise the jurisdiction given them, which does not evaporate simply because there is a pending state court action involving the same subject matter. Rather, *Colorado River* abstention is appropriate only in exceptional circumstances where the surrender of federal jurisdiction is supported by the clearest of justifications.

---

[1] According to C&R and Realty, Pawlow and Kersting were, at all relevant times, officers at C&R and Realty. Both Pawlow and Kersting are also members and managers of SanD.

*Id.* (internal quotations and citations omitted). "Thus, a federal court may divest itself of jurisdiction by abstaining only when parallel state and federal actions exist and exceptional circumstances warrant abstention." *Fru-Con Constr. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 534 (8th Cir. 2009) (citation omitted).[2]

In determining whether exceptional circumstances warranting abstention exist, the Court considers the following non-exhaustive factors:

> (1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority-not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights.

*Spectra Communications*, 806 F.3d at 1121 (citation omitted). The parties agree that factors one, two, five and six are irrelevant to the Court's analysis.[3] The Court thus turns to consideration of the remaining two factors.

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Liberty Mutual Ins. Co. v. Wright Constr. Servs., Inc.*, 2018 WL 4095186, at *4 (E.D. Mo. Aug. 28, 2018) (internal quotations and citations omitted). "Because the policies underlying the *Colorado River* abstention doctrine are considerations of wise judicial administration, courts have given the greatest weight to considerations of avoiding piecemeal litigation." *Id.* (internal quotations and citations omitted).

Upon consideration, the Court finds the two tribunals involved here could duplicate their efforts and reach different conclusions. In other words, should the state and federal court actions proceed simultaneously, both courts would have to consider the same evidence and law

---

2 The parties here do not dispute that the pending state and federal cases are parallel.
3 The Court does not agree with Plaintiffs that said neutral factors weigh in favor of maintaining federal jurisdiction.

regarding the Purchase Agreement and related transactions. The courts could reach different results, however, with the state court possibly rescinding the Purchase Agreement while the federal court simultaneously awarded damages thereunder. "This risk of piecemeal litigation in the circumstances of this case weighs in favor of abstention." *Liberty Mutual*, 2018 WL 4095186, at *4 (citing *LaDuke v. Burlington N. R.R. Co.*, 879 F.2d 1556, 1560-61 (7th Cir. 1989) (district court did not abuse its discretion by abstaining under *Colorado River* when there was a danger of piecemeal litigation because "identical issues" would be litigated simultaneously in state and federal courts); *Tyrer v. City of South Beloit, Ill.*, 456 F.3d 744, 756-57 (7th Cir. 2006) (failure to stay proceedings when "the claims in the federal and state suits are predicated on the same facts and will be resolved largely by reference to the same evidence" would "waste judicial resources [and] create an undue risk of conflicting final judgments on the merits[.]")). *See also Spectra Communications*, 806 F.3d at 1121 (internal quotations and citations omitted) ("In this situation [where the state and federal cases involve the same issues], the federal and state courts could reach conflicting opinions on the same issues, which could cause unwarranted friction between state and federal courts, a result which is obviously undesirable and avoidable in this instance.").[4]

Finally, with respect to the fourth factor, the Court reiterates that in deciding which case has priority the Court focuses not necessarily on which case was filed first, but the relative progress made in each case. *See Spectra Communications*, 806 F.3d at 1121. Here, this factor either is neutral, or slightly favors abstention. In other words, while this Court recently entered a Case Management Order, to the Court's knowledge discovery has yet to commence, while in

---

4 As further support for its finding, the Court notes the state court action involves several parties who are not parties to the federal lawsuit, and Eighth Circuit cases "'have advanced [the policies underlying *Colorado River*] by favoring the most complete action.'" *Spectra Communications*, 806 F.3d at 1122 (citing *Federated Rural Elec. Ins. Corp. v. Arkansas Elec. Coops., Inc.*, 48 F.3d 294, 298 (8th Cir. 1995); *Employers Ins. Of Wausau v. Missouri Elec. Works, Inc.*, 23 F.3d 1372, 1375 (8th Cir. 1994); *U.S. Fid. & Guar. Co. v. Murphy Oil USA, Inc.*, 21 F.3d 259, 263 (8th Cir. 1994)).

state court the parties agree that at minimum, Plaintiffs there have served initial written discovery.[5]

Upon consideration of the foregoing, the Court finds the *Colorado River* factor accorded the greatest weight, *i.e.*, the substantial interest in exercising wise judicial administration to avoid piecemeal litigation, weighs in favor of abstention. Furthermore, while factors one, two, five and six are neutral, factor four regarding relative priority likely favors abstention as well. The Court therefore will abstain from exercising jurisdiction over this action, in favor of the state-court proceeding. "Instead of dismissing this federal proceeding, however, [the Court] will stay the case, thereby 'assur[ing] that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy.'" *Liberty Mutual*, 2018 WL 4095186, at *5 (citations omitted). The Court will administratively close the case, however, until such time as the state-court proceedings have concluded or action by this Court is otherwise required.[6]

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss or, in the Alternative, Stay pursuant to the *Colorado River* Abstention Doctrine (ECF No. 29) is **GRANTED** in part, and this action is **STAYED** pending resolution of *LaBarge Realty, LLC v. Sand Development, LLC*, Case No. 18SL-CC03673 (Cir. Ct. St. Louis Cty. 2018).

---

5 The Court does not find Plaintiffs' suit is entitled to priority status because it was filed first. Rather, the Court agrees with both Defendants and the Texas District Court that Plaintiffs' choice of forum and earlier filing is not entitled to deference, as no plausible reading of § 7.12 of the Purchase Agreement permitted Plaintiffs to file suit in Texas state court.

6 Any motion seeking reopening of this case shall state: (1) the facts and procedural history, including any significant occurrences in the state-court proceedings; and (2) the issues remaining for determination by this Court. *See Liberty Mutual*, 2018 WL 4095186, at *5.

**IT IS FURTHER ORDERED** that the Clerk of Court shall administratively close this case, subject to reopening on a motion filed in compliance with this Order.

Dated this 12th Day of July, 2019.

                                          /s/ Jean C. Hamilton
                                          UNITED STATES DISTRICT JUDGE